UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-61827-CIV-SINGHAL/VALLE

ADXX, LLC, a Florida limited liability
company, on behalf of itself and other
Florida Burgerim franchisees similarly situated,

    Plaintiff,

v.

BURGERIM GROUP USA, INC.; BURGERIM
FLORIDA, LLC; BURGERIM GROUP, INC.;
OREN LONI; and MARK BASTOROUS,

    Defendants.
_____/

## ORDER OF DISMISSAL WITHOUT PREJUDICE

**THIS CAUSE** is before the Court on a *sua sponte* review of the record.  Plaintiff filed its Complaint (DE [1]) on September 9, 2020.  On February 16, 2021, the Court ordered Plaintiff to perfect service of process on Defendants or show cause by March 2, 2021, why this action should not be dismissed for failure to perfect service within 90 days under Federal Rule of Civil Procedure 4(m).  (DE [4]).  The day *after* the Court-ordered deadline, Plaintiff moved for an extension of time to perfect service, which this Court granted: On March 3, 2021, the Court ordered Plaintiff to file proof of service by June 1, 2021, or show good cause why service has not been perfected.  (DE [6]).  Plaintiff was also cautioned that failure to comply with the Order would result in dismissal without prejudice without further notice.  *Id.*

    The June 1 deadline has now passed, and Plaintiff has failed to perfect service on Defendants or show good cause why service has not been perfected.  "A district court

has the inherent authority to manage its docket and thus may dismiss an action *sua sponte* for failure to prosecute." *Nail v. Collado*, 737 F. App'x 960, 962 (11th Cir. 2018) (citing *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). This power "stems from the authority 'necessarily vested in courts to manage their own affairs.'" *Id.* (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). But, even "when a district court finds that a plaintiff fails to show good cause for failing to effect timely service pursuant to Rule 4(m), the district court must still consider whether any other circumstances warrant an extension of time based on the facts of the case." *Lepone-Dempsey v. Carroll Cty. Comm'rs*, 476 F.3d 1277, 1282 (11th Cir. 2007). "Only after considering whether any such factors exist may the district court exercise its discretion and either dismiss the case without prejudice or direct that service be effected within a specified time." *Id.*

Here, the Court does not find that any circumstances warrant another extension of time to effect service of process. To date, Plaintiff has had 265 days to serve Defendants. Although Plaintiff previously indicated that Defendants have been evading service of process or fled the country, *see* (DE [5], at 1), the Court has already granted a 90-day extension on this basis, *see* (DE [6]). And Plaintiff has not indicated that Defendants continue to evade service or that any other factors exist to warrant another extension.[1]

---

[1] The statute of limitations is one factor to consider in determining whether an extension is warranted. Plaintiff alleges claims for violations of the Florida Deceptive and Unfair Trade Practices Act and the Florida Franchise Act. The statute of limitations for these claims is four years. *See* Fla. Stat. § 95.11(3)(f). According to the Complaint, Plaintiff wired its initial franchise fee on August 15, 2018. Compl. ¶ 47 (DE [1]).

It is unclear from the Complaint exactly when Plaintiff knew or should have known of Defendants' alleged fraudulent scheme, but it appears that Plaintiff's action is still within the four-year limitations period. In any event, even if the statute of limitations has run, the Court does not find that the time for service of process should be extended in this case because Plaintiff has already been granted one extension and has failed to comply with a Court Order. *See, e.g., Lepone-Dempsey*, 476 F.3d at 1282 ("Although the running of the statute of limitations, which barred the plaintiffs from refiling their claims, does not require that the district

Additionally, Plaintiff failed to comply with the Court's March 3 Order, which warned Plaintiff of dismissal.  *See* (DE [6]).  Accordingly, it is hereby

**ORDERED AND ADJUDGED** that this action is **DISMISSED WITHOUT PREJUDICE** for Plaintiff's failure to prosecute.  The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 2nd day of June 2021.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copy furnished to counsel via CM/ECF

---

court extend time for service of process under Rule 4(m), it was incumbent upon the district court to at least consider this factor.").